INTERNATIONAL CLEARING HOUSE OF NEW YORK, INC. v. UNITED STATES

No. 5913.—Invoices dated Paris, France, September 29, 1937, etc.
　　　　Entered at Philadelphia, Pa., October 18, 1937, etc.
　　　　Entry No. 3741, etc.

(Decided August 10, 1943)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the respective parties as follows:

(1) That as to the merchandise involved herein, marked on the invoices with a green-ink M and the initials J. D. F. (Exmr. J. D. Flynn), also the initials C. K. Y. (Exmr. C. K. Young), the market value or price at the time of exportation, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the appraised values of the merchandise less any additions for French tax made by the importers under duress at the time of entry.

(2) That at the time of exportation there was no higher foreign value for this merchandise.

(3) That the appeals as to all other merchandise not marked with the letter M as stated above and contained on the invoices are abandoned, and that these cases may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise represented on the invoices by the items marked with a green-ink M and the initials J. D. F. (Examiner J. D. Flynn), also the initials C. K. Y. (Examiner C. K. Young), and that such values are the appraised values, less any additions for French tax made by the importers under duress at the time of entry.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.